SCHOOLS
A local board of education is authorized to adopt reasonable rules, regulations and policies defining activity which shall be deemed to constitute or qualify as "personal business" leave. In adopting such a definition, the ordinary and everyday commonly understood meaning of the phrase "personal business" should be followed. Under the provisions of 70 O.S. 6-105 [70-6-105] (1976), when a teacher is absent from duty for personal business purposes, such teacher may have deducted from his/her salary only the amount necessary to pay a substitute teacher employed to serve during the period of such absence. This amount shall be the respective amount previously agreed upon between the substitute and the local board. The Attorney General acknowledges receipt of your request for a legal opinion wherein you ask the following questions: "(1) Does the board of education have the authority to determine for what purposes personal business leave can be used? If not, what constitutes personal business? " (2) Are absences for personal pleasure to be treated as personal business? "(3) May a board of education deduct 1/180 of a teacher's salary for each day missed when the teacher has accompanied her husband to a convention he is attending?" It is generally recognized that local boards of education possess broad discretionary powers to adopt policies, rules and regulations concerning the administration of the educational affairs of the school district it governs. As stated at 78 C.J.S. Schools and School districts, 121: "The board of education . . . of a school district or other local school organization, being the governing body of the district . . . ordinarily has general power, which in some states is expressly recognized by statute, to make such reasonable rules for the convenient dispatch of its own business as it may deem proper, and to adopt and enforce reasonable rules and regulations for the administration of the schools and the conduct of the affairs of the district." The general governing and rule-making authority of the local boards of education, above referred, is recognized in Oklahoma by statute. 70 O.S. 5-117 [70-5-117] (1976). The cited statutory provision addresses itself to general rule-making authority and to those matters specifically referred to in your questions. This Section provides in relevant part: "The board of education of each school district shall have power to elect its own officers; to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district; to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts . . . to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district . . . to provide for employees leaves of absence without pay; and to exercise sole control over all of the schools and property of the district, subject to other provisions of the Oklahoma School Code . . . Provided, further, the board of education of each school district shall adopt and maintain on file in the office of the superintendent of schools, and available to the public, an appropriate personnel policy and sick leave guide." (Emphasis added) Based upon the respective provisions of 70 O.S. 5-117 [70-5-117], above-quoted, it may be generally stated that, subject to other applicable provisions of the Oklahoma School Code or rules and regulations of the State Board of Education, the local boards of education are authorized and required to adopt reasonable rules, regulations and policies concerning personnel and leaves of absence. The only provisions of the Oklahoma School Code which pertain directly to personnel leaves of absence are found at 70 O.S. 6-104 [70-6-104], 70 O.S. 6-104.5 [70-6-104.5] and 70 O.S. 6-105 [70-6-105] (1976). 70 O.S. 6-104 [70-6-104] primarily concerns the basic or minimum sick leave plan and required provisions for emergency leave and jury service leave. 70 O.S. 6-104.5 [70-6-104.5] provides for the compensation treatment of absence from duty when all accumulated sick leave has been exhausted and further provides for the payment of accrued, but unused, sick leave upon termination of employment. The only direct reference to "personal business" leave is found within 70 O.S. 6-105 [70-6-105]. This Section provides in relevant part: "If, because of sickness or other reason, a teacher is temporarily unable to perform his or her regular duties, a substitute teacher for his or her position may be employed for the time of such absence. A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher and the board of education or according to regulations of the board. A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute." (Emphasis added) From a review of 70 O.S. 6-105 [70-6-105], supra, it may be concluded that no specific requirements are imposed with regard to the entitlement to personal business leave, nor are any express provisions set forth regarding the type of activity which shall constitute personal business leave. The only statutory requirement imposed by this Section, as regards personal business leave, is that where a teacher is absent from duty "for reason of personal business" the teacher shall have deducted from his salary only the amount necessary to pay a substitute teacher required to be employed during such period of absence. Accordingly, it may be further concluded that based upon the authority granted and duty imposed by 70 O.S. 5-117 [70-5-117], supra, concerning the adoption of an appropriate personnel policy, and based upon the absence of other Oklahoma School Code provisions in this area (other than those mentioned), a local board of education is authorized to adopt a policy concerning the entitlement to personal business leave and policies concerning what type of activity shall be deemed to constitute personal business. Therefore, your first question is answered in the affirmative. Your second question asks if absences for personal pleasure are to be treated as personal business. To the extent heretofore noted, this question would be determinable by the local board of education pursuant to its adopted personnel policy as it concerns personal business leave. However, it should be further noted that for purposes of enacting a personnel policy concerning the type of conduct or activity which would constitute or qualify as "personal business," the local board must stay within the confines of that type of activity which is commonly or ordinarily understood in everyday affairs to constitute personal business. As held in First National Bank and Trust Company of Chickasha v. U.S., 462 F.2d 908
(1972), words which are not defined in a statute are generally to be interpreted in their ordinary, everyday sense. Your third question asks if a board of education may deduct 1/180 of a teacher's salary for each day missed when the teacher has accompanied her husband to a convention he is attending. Assuming this activity constitutes personal business leave, the answer to this question would be controlled by the provisions of 70 O.S. 6-105 [70-6-105], supra. As previously quoted, this Section provides in part: "A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute." (Emphasis added) Based upon a plain reading of this Section, it is apparent that the respective deduction may not exceed the amount actually paid a substitute teacher employed to teach for the absent teacher during the period of such absence. This amount, under the same 70 O.S. 6-105 [70-6-105], supra, is to be the amount agreed upon in advance between the substitute teacher and the board of education. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. A local board of education is authorized to adopt reasonable rules, regulations and policies defining activity which shall be deemed to constitute or qualify as "personal business" leave. In adopting such a definition, the ordinary and everyday commonly understood meaning of the phrase "personal business" should be followed. Under the provisions of 70 O. S. 6-105 (1976), when a teacher is absent from duty for personal business purposes, such teacher may have deducted from his/her salary only the amount necessary to pay a substitute teacher employed to serve during the period of such absence. This amount shall be the respective amount previously agreed upon between the substitute and the local board. (R. THOMAS LAY)